UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STEVEN GANTT, | : | |
| Petitioner, | : | Civ. No. 11-6191 (RBK) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | **OPINION** |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

I.     INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at U.S.P. Terre Haute, in Terre Haute, Indiana. Petitioner is proceeding with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Presenting pending before this Court is Respondent's letter requesting reconsideration of this Court's previous grant of a certificate of appealability on Petitioner's motion to refile/restore. (*See* ECF 39). Additionally pending before this Court are two miscellaneous motions filed by Petitioner; namely: (1) Petitioner's motion for jury instruction and sentencing hearing transcripts (*see* ECF 35); and (2) Petitioner's motion for a refund of his appellate filing fee of $505.00. (*See* ECF 37). For the following reasons, Respondent's request for reconsideration (ECF 39) is granted. This Court will vacate its prior grant of a certificate of appealability such that a certificate of appealability shall no longer issue in this case. Petitioner's motion for a refund of his appellate filing fee is also granted. However, Petitioner's motion for jury instruction and sentencing hearing transcripts is denied without prejudice.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

This case, along with another § 2255 case Petitioner has filed, *see* No. 16-3691, have relatively complex and lengthy procedural histories. This Court previously outlined much of that procedural history in a prior opinion recited below:

> On September 6, 2006, a federal grand jury sitting in Camden, New Jersey returned an Indictment against Gantt and co-defendant Walter Johnson, charging both defendants with: (1) conspiring to commit robbery in violation of 18 U.S.C. § 1951(a); and (2) using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Crim. No. 06-699, Docket No. 1). On December 5, 2006, a federal grand jury sitting in Camden returned a Superseding Indictment against Gantt and another co-defendant, Kevin Taylor, charging both defendants with: (1) conspiring to commit robbery in violation of 18 U.S.C. § 1951(a); and (2) using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (*Id.*, Docket No. 28). On June 26, 2007, a federal grand jury sitting in Camden returned a Second Superseding Indictment against Gantt and co-defendant Taylor. (*Id.*, Docket No. 48). In relevant part, the Second Superseding Indictment charged petitioner with: (1) conspiring to commit robbery in violation of 18 U.S.C. § 1951(a); (2) eight separate counts of armed bank robbery in violation of 18 U.S.C. § 2113(d); (3) seven separate counts of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (brandishing the firearm); and (4) one count of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (discharging the firearm). *See also United States v. Taylor*, 379 F. App'x 240, 242 (3d Cir. 2010) (non-precedential).
>
> After their first trial in early 2008 ended in a mistrial because the jury could not reach a verdict, (*see* Crim. No. 06-699, Docket Nos. 75-113), Gantt and Taylor were retried in late February into March 2008, and the jury returned a verdict of guilty as to both defendants on all counts of the Second Superseding Indictment. (*Id.*, Docket Nos. 117-142). On June 25, 2008, this Court sentenced Gantt to a total of 1,788 months (149 years), broken down as follows: 120 months on each of Counts One, Two, Four, Six, Eight, Ten, Twelve, Fourteen, and Sixteen; 84 months on each of Counts Three, Five, Seven, Nine, Eleven, Thirteen, and Seventeen; and 120 months on Count Fifteen, all to be served consecutively to one

another. (*Id.*, Docket No. 153 at 2). This Court also sentenced Gantt to terms of supervised release of three years for some counts and five years for others, all to run concurrent to one another, as well as restitution totaling in excess of $120,000. (*Id.* at 3, 5).

Gantt appealed, arguing that: (1) under Federal Rule of Evidence 404(b), this Court should not have admitted modus operandi evidence concerning previous bank robberies Gantt had committed; (2) the unavailability of a particular surveillance tape amounted to suppression of *Brady* material and violated his due process rights; (3) his sentence was unreasonable in light of the much shorter sentence (108 months) imposed on his cooperating co-defendant, Johnson; and (4) the government engaged in vindictive prosecution in violation of his due process rights by adding multiple new charges in the second superseding indictment. The Third Circuit rejected all of Gantt's contentions and affirmed his convictions and sentence in their entirety in an opinion filed May 10, 2010. *See Taylor*, 379 F. App'x 240. The Court of Appeals issued its certified order in lieu of a formal mandate on June 14, 2010. *See* Crim. No. 06-699, Docket No. 162. Gantt did not file a petition for certiorari with the Supreme Court.

Instead, on October 17, 2011, Gantt filed a petition to vacate his conviction under 28 U.S.C. § 2255 (the "First Petition"), arguing that he received ineffective assistance of counsel because counsel: (1) stipulated that the banks Gantt was charged with robbing were FDIC-insured, a required element of the offense; (2) failed to conduct a meaningful investigation, for instance by interviewing bank employees and customers and other potential witnesses; (3) failed to move for sequestration of the Government's witnesses; (4) failed to conduct a reasonable investigation into the missing surveillance tape discussed in his direct appeal; (5) failed to properly prepare potential defense witnesses to testify; (6) failed to file a motion in limine to object to the modus operandi evidence discussed in his direct appeal; (7) failed to seek a government investigator's handwritten notes; and (8) poorly advised the defendant not to testify on his own behalf. (*See* Civ. No. 11-6191, Docket No. 1 at 3-7).

Because Gantt filed his petition more than a year after his judgment of conviction became final, the Government moved to dismiss it as untimely, and this Court granted that motion on November 18, 2014. (*Id.*, Docket Nos. 4, 7, 9). *See also Gantt v. United States*, 2014 WL 6471478 (D.N.J. Nov. 18, 2014) (this Court's decision dismissing the First Petition as untimely). As we explained, Gantt's conviction became final on September 14, 2010,

90 days after his appeal was formally dismissed. "Thus his petition would be timely [if filed] one year from that date under [28 U.S.C.] § 2255(f)(1)." *Gantt*, 2014 WL 6471478, at *3. We rejected Gantt's argument that his petition was timely on the grounds that the Government had impeded his timely filing, *id.*, and that he was entitled to equitable tolling, *id.* at *4-5. Thus, the Court found that Gantt had missed the statutory deadline to file his § 2255 petition by just over a month (September 14, 2011 to October 17, 2011) and dismissed the petition as untimely.

On June 22, 2016, through counsel, Gantt filed a second or successive § 2255 petition (the "Second Petition") based on the then-recent case of *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015), arguing that Gantt's convictions under § 924(c) must be dismissed because the jury may have found the underlying offenses to be crimes of violence under the "residual" clause, which *Johnson* had invalidated. The Second Petition also argued that the Court's finding at sentencing that Gantt was a career offender was also incorrect in light of *Johnson*. (*See* Civ. No. 16-3671, Docket No. 1 (also docketed at Crim. No. 06-699, Docket No. 170) at 2). In March 2019, this Court ordered the Second Petition stayed while the Third Circuit considered whether to grant petitioner leave to file a second or successive petition. Civ. No. 16-3671, Docket No. 7. In August 2019, the Third Circuit did so, and this Court reopened the Second Petition. *Id.*, Docket No. 8.

The Government answered the Second Petition, *id.*, Docket No. 11, but emerging case law made clear that Gantt's argument that *Johnson* entitled him to relief was meritless. Accordingly, on September 8, 2020, Gantt withdrew his Second Petition through counsel, stating that "significant developments in the law since filing his motion for relief under 28 U.S.C. § 2255" established that "[b]oth of [Gantt's] claims for relief are foreclosed by Third Circuit precedent." (*Id.*, Docket No. 14 (citing *United States v. Johnson*, 899 F.3d 191, 202-04 (3d Cir. 2018), which held "that armed bank robbery is categorically a crime of violence under § 924(c)'s elements clause"; and *Beckles v. United States*, 137 S. Ct. 886, 897 (2017), and *United States v. Folk*, 954 F.3d 597, 601 (3d Cir. 2020), which held that "a challenge to a career-offender designation under the advisory Sentencing Guidelines is not cognizable under § 2255")). This Court granted the request to withdraw the Second Petition on September 10, 2020. (*Id.*, Docket No. 15). In contrast, Gantt's co-defendant, Kevin Taylor, did not withdraw his own petition that argued his § 924(c) convictions must be vacated based on *Johnson*, and this Court denied that petition on the merits and declined to issue a certificate of

appealability. *Taylor v. United States*, 2021 WL 4472990 (D.N.J. Sept. 27, 2021).

Meanwhile, even while his Second Petition was still pending, petitioner had begun making new *pro se* filings under the present case number—that of his First Petition. On June 26, 2020, he filed a Supplemental Memorandum of Facts and Law, arguing (1) the Government had failed to prove the essential element of the offense of bank robbery that the banks had been FDIC-insured, (2) the Government's expert witness should not have been allowed to testify on the grounds that it had provided inadequate expert disclosure, and (3) the modus operandi evidence whose admission the Third Circuit had affirmed in 2010 was infirm because a video regarding an earlier conviction was shown to the jury. (Civ. No. 11-6191, Docket No. 11 at 2-6). In support of his first contention, Gantt attached a series of letters from the FDIC dated five years earlier, September 18, 2015, apparently in response to FOIA requests Gantt had sent. (*Id.* at 7-18). The FDIC's letters confirmed that the FDIC indeed insured the deposits of each bank branch Gantt was convicted of robbing, but also explained that "FDIC deposit insurance does not cover losses caused to a financial institution by robbery." (*See, e.g.*, *id.* at 7, 8).

On August 3, 2020, Gantt filed a Motion for a Writ of Mandamus and Motion for Evidentiary Hearing. (Docket Nos. 12 and 13). In these documents, Gantt urged the Court to act on petitioner's claims.

Approximately a month after Gantt had, through counsel, withdrawn his Second Petition in Civ. No. 16-3671, Gantt filed *pro se* under Civ. No. 11-6191 a document styled a "Second or Successive Motion to Correct Sentence Pursuant to 28 U.S.C. 2255." (Docket No. 14, Oct. 16, 2020). He argued that counsel had withdrawn his Second Petition without his consent and sought to revive those arguments. Gantt also argued that his sentence on his conspiracy conviction exceeded the statutory maximum.

In the summer and fall of 2021, Gantt made several additional filings under the present case number. On July 23, 2021, he filed a Motion to Activate § 2243 Habeas Copus [sic] (Docket No. 15), urging the Court to grant his previous motions or order the Government to respond promptly. On August 23, 2021, he filed a Second Request for Production of Documents (Docket No. 16), which appears to be seeking from the Government proof that the banks Gantt was convicted of robbing were FDIC-insured. On September 14, 2021, he filed a Motion for Evidentiary Hearing

5

> (seeking a hearing on his claims) (Docket No. 17); a Motion to Compel Disclosure or Discovery (seeking discovery from the Government under Fed. R. Civ. P. 37) (Docket No. 18); and a document entitled "Issues of concern filed under § 2255" (Docket No. 19). In that document, Gantt again raised the issues of the FDIC insurance and a purported Confrontation Clause violation arising from the use of a videotape to present F.R.E. 404(b) modus operandi evidence to the jury. Gantt asked the Court to hold an evidentiary hearing and/or in camera evidentiary review. Docket No. 19 at 1-2.
>
> In summary, Gantt appears to make a total of five substantive arguments within Docket Nos. 12-18. Of those, (1) his argument about modus operandi evidence under F.R.E. 404(b) was already made in his appeal and his First Petition (in the context of an ineffective assistance of counsel claim); (2) his argument about FDIC insurance was already made in his First Petition (in the context of an ineffective assistance of counsel claim); (3) his argument that his § 924(c) convictions are infirm under *Johnson* and *Davis* was already made in his Second Petition; and (4) he had not previously asserted his arguments about inadequate expert disclosure and an allegedly excessive sentence on his conspiracy conviction.

*United States v. Gantt*, No. 11-6191, 2022 WL 1261528, at *1–4 (D.N.J. Apr. 28, 2022).

This Court then denied Petitioner's pending motions in this action in an April 28, 2022 opinion and order. *See id.* at *4-5. First, this Court noted that Petitioner's § 2255 motions are untimely. *See Gantt*, 2022 WL 1261528, at *4. Second, this Court noted that even if Petitioner's § 2255 motions were timely, they would be considered unauthorized second or successive § 22255 motions. *See Gantt*, 2022 WL 1262528, at *4-5.

On June 8, 2022, Petitioner sought permission from the United States Court of Appeals for the Third Circuit to file a Federal Rule of Civil Procedure 60(b) and/or a second or successive § 2255 motion. (*See* 3d Cir. C.A. 22-2080, Dkt. No. 1-1). In that request before the Third Circuit, Petitioner stated that he sought to challenge his convictions under 18 U.S.C. § 924(c) and his status as a career offender because both are unconstitutionally vague pursuant to *Johnson v. United*

6

*States*, 576 U.S. 571 (2015).  (*See* 3d Cir. C.A. 22-2080, Dkt. No. 1-1 at 2). On July 19, 2022, the Third Circuit denied Petitioner's request to file a second or successive § 2255 motion, but stated it expressed no opinion on the merits of any Rule 60(b) motion Petitioner might file in this Court. (*See* 3d Cir. C.A. 22-2080, Dkt. No. 7).

Petitioner then filed a motion to restore/refile in this action on August 5, 2022. (*See* ECF 28).[1] Petitioner's motion to restore/refile requested "permission to resubmit the *Johnson's* motion that was withdrawn without consent" and asked the Court "to allow . . . an opportunity to consider the merits of his application." (ECF 28 at 4). This Court construed that motion as a motion filed pursuant to Federal Rule of Civil Procedure 60(b) as seeking relief from a final order or judgment. (*See* ECF 29 at 1). Ultimately, on July 10, 2023, this Court denied the motion noting that it had not been filed within a reasonable time. (*See id.* at 2-3).

Petitioner then filed a notice of appeal. (*See* ECF 30). On July 31, 2023, this Court granted a certificate of appealability ("COA") on whether Petitioner's motion to restore/refile should have bene granted. (*See* ECF 33). In so ruling, this Court stated "that a COA should issue in this case because we denied the habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, and jurists of reason could find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]" (*Id.* at 2).

On August 3, 2023, Petitioner then filed a motion for jury instruction and sentencing hearing transcripts. (*See* ECF 35). This Court then received Petitioner's $505.00 filing fee for his appeal. On August 21, 2023, Petitioner sought a refund of his $505.00 filing fee. (*See* ECF 37).

---

[1] Before describing that motion, this Court must first address a bookkeeping matter. As Respondent notes, this motion to restore/refile should have been filed/docketed in Petitioner's 2016 § 2255 motion, No. 16-3671 as it relates to the claims Petitioner raised in that § 2255 motion. This Court agrees and will have that motion (along with all subsequent documents filed in this action – as they all flow from that motion – in Petitioner's 2016 § 2255 action along with this opinion and accompanying order.

Petitioner attached a notice from the United States Court of Appeals for the Third Circuit which noted that a filing fee for his notice of appeal was not necessary given Petitioner had been awarded *in forma pauperis* status in his underlying criminal matter. (*See* ECF 37 at 2). The Third Circuit stated that Petitioner should seek a refund for that filing fee from this Court.

On August 27, 2023, Respondent filed a letter requesting reconsideration of this Court's grant of a COA on the issue of whether Petitioner's motion to restore/refile should have been granted. (*See* ECF 39). Respondent argues that a COA should not issue because jurists of reason would not debate that Petitioner failed to state a valid claim of the denial of a constitutional right. (*See id.* at 2-3). Petitioner opposes Respondent's request for reconsideration of this Court's prior grant of a COA. (*See* ECF 40). The Third Circuit stayed Petitioner's appeal pending this Court's resolution of Respondent's request for reconsideration on the grant of a COA. (*See* ECF 41).

### III.   LEGAL STANDARD

Local Civil Rule 7.1 allows a party to seek a motion for re-argument or reconsideration of "matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked. . . ." Local Civ. R. 7.1(i). Whether to grant a motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. *See BeLong v. Raymond Int't Inc.*, 622 F.2d 1135, 1140 (3d Cir. 1980), *overruled on other grounds by Croker v. Boeing Co.*, 662 F.2d 975 (3d Cir. 1981); *see also Williams v. Sullivan*, 818 F. Supp. 92, 93 (D.N.J. 1993). Federal Rule of Civil Procedure 59(e) provides that a motion for reconsideration be filed no later than twenty-eight (28) days after the entry of the judgment.

To prevail on a motion for reconsideration, the movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when

the court ... [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (citing *Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly. *See United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994). Mere disagreement with the Court's decision is not a basis for reconsideration. *See United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

## IV.   DISCUSSION

Respondent seeks reconsideration on this Court's grant of a COA on whether Petitioner's motion to restore/refile was properly denied by this Court. Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a COA, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In *Slack v. McDaniel,* 529 U.S. 473, 484 (2000), the United States Supreme Court held: "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, Respondent requests this Court to revisit the COA grant arguing that Petitioner has failed to state a valid claim of the denial of a constitutional right. For the following reasons, this Court agrees with Respondent such that their request for reconsideration will be granted as Petitioner fails to show that either of this claims that he seeks this Court to restore/refile state a valid claim of the denial of a constitutional right.

A. Claim I

As detailed *supra*, Petitioner's first substantive claim is that his convictions under 18 U.S.C. § 924(c) are invalid because his underlying predicate convictions do not constitute "crimes of violence," under that statute. Section 924(c) of Title 18 of the United States Code makes it a crime for any person who uses or carries a firearm during and in relation to any crime of violence or drug trafficking crime. *See* 18 U.S.C. § 924(c)(1)(A). A crime of violence under the statute is defined as an offense that is a felony and that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). Subsection (A) is commonly referred to as the "elements clause" and subsection (B) is commonly referred to as the "residual clause." In *United States v. Davis*, 139 S. Ct. 2319 (2015), the United States Supreme Court held the residual clause, § 924(c)(3)(B), was unconstitutionally vague. However, *Davis* left the elements clause intact. Thus, moving forward, an offense can still be a "crime of violence" within the meaning of the statute if it meets the definition contained in the elements clause, § 924(c)(3)(A).

Petitioner's argument that his § 924(c) convictions are invalid is incorrect. As previously noted, Petitioner was convicted of several counts of armed bank robbery in violation of 18

10

U.S.C. § 2113(d). In *United States v. Johnson*, 899 F.3d 191, 204 (3d Cir. 2018), the United States Court of Appeals for the Third Circuit found that armed bank robbery under § 2113(d) does qualify as a crime of violence. First, the Third Circuit observed that § 2113(d) provides penalties for a person who "in committing . . . any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device." *Id.* at 203–04. Then, the Court reasoned that "assault[ing] someone or putting a life in jeopardy . . . by the use of a dangerous weapon," satisfies the elements clause because it "has as an element the use, attempted use, or threatened use of physical force." *Id.* at 204 (alteration in original) (quoting § 924(c)(3)(A)) (internal quotation marks omitted). Ultimately, the Third Circuit concluded that one "cannot assault a person, or jeopardize his or her life with a dangerous weapon, unless one uses, attempts to use, or threatens physical force." *Id.* Accordingly, the Third Circuit found that armed bank robbery under § 2113(d) is categorically a crime of violence under the elements clause of § 924(c). *See Johnson*, 899 F.3d at 204.

Petitioner's convictions for armed bank robbery remain valid predicates for his § 924(c) convictions. Thus, Petitioner fails to show that he has alleged a denial of a constitutional right with respect to his first § 2255 claim in his motion to restore/reopen.

B. Claim 2

Petitioner's second claim in his motion to refile/restore was that he should no longer be considered a "career offender" under the United States Sentencing Guidelines because it has a similar residual clause in § 924(c) that was previously found unconstitutionally vague. Following *Johnson*, the United States Supreme Court has held that the advisory Sentencing Guidelines are not subject to void for vagueness challenges. *See Beckles v. United States*, 137 S. Ct. 886, 897

(2017); *see also United States v. Folk*, 954 F.3d 597, 601 (3d Cir. 2020) (holding that purported incorrect career offender designation claim under the advisory Sentencing Guidelines is not cognizable under § 2255). Thus, Petitioner fails to allege a denial of a constitutional right with respect to the second claim raised in his motion to restore/refile.

Given that Petitioner failed to allege a denial of a constitutional right, he is not entitled to a COA as jurists of reason would not debate this finding. Accordingly, Respondent's request for reconsideration is granted. This Court's previous grant of a certificate of appealability will be vacated and a certificate of appealability shall no longer issue in this case.

C. Motion for Refund of Fees

Petitioner seeks the refund of his appeal filing fee. This motion will be granted. The Third Circuit has indicated that a filing fee for that appeal was not due in this matter as Petitioner received indigency status in his underlying criminal case. (*See* ECF 37 at 2). Thus, Petitioner's motion will be granted. The Clerk will be ordered to refund Petitioner's filing fee on his notice of appeal.

D. Motion for Jury Instruction and Sentencing Transcripts

Petitioner has also filed a motion for jury instruction and sentencing hearing transcripts. Given that a COA has now been denied by this Court as Petitioner fails to state the denial of a constitutional right on either of his claims, this motion will be denied as there is no longer anything pending before this Court. Petitioner though is free to seek such transcripts from the Third Circuit should he elect to file a request for a COA from that Court.

V. CONCLUSION

For the foregoing reasons, Respondent's request for reconsideration is granted. This Court's prior order granting Petitioner a certificate of appealability is vacated and a certificate of

appealability shall not issue. Petitioner's motion for a refund of fees for his appeal is granted. Petitioner's motion for jury instruction and sentencing hearing transcripts is denied without prejudice. An appropriate order will be entered.

DATED: December 5, 2023                          s/ Robert B. Kugler
                                                                                                     ROBERT B. KUGLER
                                                                                                     United States District Judge